## Hippy v. Conestoga Traction Company.

*Trespass for personal injuries—Statement—Sufficiency of—Negligence of defendant—Presumption of.*

1. It cannot be claimed in an action for damages for personal injury that a statement is defective in that a particular paragraph states that the injury occurred through the negligence of the defendant, without setting forth the character or kind of negligence, where this is set forth in another paragraph. The whole statement must be read together, and if in it such material facts as to make out a good cause of action are found, it is sufficient

2. The question whether a presumption of negligence arises, because the plaintiff was a passenger in such case, is not involved where negligence of the defendant is expressly alleged in the statement.

Statutory demurrer. Trespass for damages. C. P. Lancaster Co., Sept. T., 1920, No. 71.

*B. F. Davis*, for plaintiff.

*S. R. Zimmerman* and *John E. Malone*, for defendant.

HASSLER, J., Jan. 14, 1922.—The defendant here raises a question of law in an affidavit of defence filed in accordance with the Practice Act, and asks for judgment in its favor. It is as follows: "The plaintiff alleges in the sixth paragraph of the statement filed that the injury sustained by herself occurred through the negligence of the defendant, but fails to set forth the character or kind of negligence of which the defendant was guilty."

Section 5 of the Act of May 14, 1915, P. L. 483, requires that a statement shall contain a statement in concise form of the material facts on which the plaintiff relies. Section 9 requires it to be as brief as the nature of the case will admit. The act does not require each paragraph to contain all of a material fact without reference to other parts of the statement. The plaintiff was not required to repeat in paragraph 6 what she stated in paragraph 5, but can, as she did, simply refer to it, either expressly or by implication. The whole statement must be read together, and if in it such material facts as make out a good cause of action are found, it is sufficient. In paragraph 5 the plaintiff alleges that a motor-truck was ahead of the car in which she was riding, and that it, the car, struck the rear part of the motor-truck with force and violence; that she was sitting on the front seat of the car, and was thrown from her seat to the floor by reason of the collision, and was injured. It is true that the allegation of negligence contained in the sixth paragraph of plaintiff's statement does not set forth the character and kind of negligence of which the defendant was guilty. It evidently refers to the preceding paragraph, as it says "said injury and damage arising therefrom" was caused, &c., in controlling and operating "said car," by means of which "said collision took place." The two paragraphs, the 5th and 6th read together, do set forth the character and kind of negligence of which the defendant is alleged to have been guilty, and meet the objection raised in the affidavit of defence.

Under these circumstances, the question whether a presumption of negligence arises because she was a passenger on the car is not involved, as she expressly alleges that the accident and injury was due to the negligence of the defendant. It is unnecessary, therefore, to decide that question. We are of the opinion that the statement is sufficient, and, therefore, discharge the rule to show cause why judgment should not be entered for the defendant.

From George Ross Eshleman, Lancaster, Pa.